UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Phillip Washburn

    v.                                    Case No. 16-cv-196-LM

Warden, New Hampshire
State Prison


## REPORT AND RECOMMENDATION

In 2006, in the New Hampshire Superior Court, Phillip Washburn pled guilty to, and was convicted of, three counts of aggravated felonious sexual assault ("AFSA").  See N.H. Rev. Stat. Ann. ("RSA") § 632-A:2.  Appearing in this court pro se, Washburn now petitions for a writ of habeas corpus.  See 28 U.S.C. § 2254.  Before this magistrate judge for a report and recommendation is respondent's motion to dismiss.  Petitioner objects.  For the reasons that follow, respondent's motion to dismiss should be granted.

## Background

In December of 2006, Washburn was sentenced on his three convictions for AFSA.  Those convictions, in turn, resulted from assaults on three different eight-year-old victims.  Washburn is currently incarcerated in the New Hampshire State Prison.

In November 2015, Washburn moved to withdraw his guilty plea to the AFSA charge that was prosecuted against him in Case No. 06-S-204. That case, in turn, involved a victim identified as T.W. In his motion, Washburn argued that his plea in 06-S-204 was not knowing, intelligent, and voluntary, because he pled guilty to assaulting T.W. at her home in Laconia, but at the time of the assault, T.W. lived in Massachusetts. Washburn's motion also sought other relief, not relevant to the petition now before the court, but as to Washburn's request to withdraw his plea, Judge O'Neill denied the motion.

In December 2015, Washburn filed a motion to vacate his conviction in 06-S-204. He argued that the state superior court lacked jurisdiction to try him on the offense charged in that case because T.W. said in a diary entry that he had assaulted her in her home, while evidence showed that at the time of the assault, T.W.'s parents owned no property in Laconia and resided in Massachusetts. In other words, Washburn contended that his conviction was unlawful because the New Hampshire Superior Court lacked jurisdiction to try him for an alleged assault that took place in Massachusetts. Judge O'Neill denied Washburn's motion.

Washburn appealed Judge O'Neill's second decision to the New Hampshire Supreme Court. The court declined Washburn's

discretionary appeal.

Washburn petitioned for a writ of habeas corpus in this court in May 2016. His sole claim is "that a jurisdictional defect in Case No. 06-S-204 violated his federal rights to due process and a fair trial." Order (doc. no. 5) 1.

On preliminary review, this magistrate judge observed that Washburn's petition appeared to be time barred. However, Washburn was granted leave to file a statement "showing cause why his § 2254 petition should not be dismissed as untimely." Order (doc. no. 3) 3. In granting leave, the order: (1) noted the one-year limitation period applicable to § 2254 petitions; (2) described the doctrine of equitable tolling, see id. (quoting Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010)); and (3) directed Washburn to "state specific facts that could provide a basis for this court to equitably toll the statute of limitations on his § 2254 petition," id. at 4. In response, petitioner filed a statement in which he: (1) reported that he had lost possession of his pre-trial discovery in 06-S-204; (2) described his difficulties in recovering his case file from his trial attorney; and (3) articulated the following theory to support a claim of actual innocence that, in his view, compels the court to equitably toll the statute of limitations:

> The state in its objection to [his motion to withdraw his guilty plea] revealed new facts to the petitioner he could use in support of his innocence claim. The state claims that the alleged victim claims that the alleged assault occurred in her home. The alleged victim was living in Massachusetts for the year in which the alleged offense was to have occurred.

Pet'r's Show Cause Statement (doc. no. 4) ¶ 5. Upon review of petitioner's statement, the court "conclude[d] that the statute of limitations issue in this case may be properly resolved after respondent has an opportunity to brief the issue." Order (doc. no. 5) 1.

## Discussion

Respondent now moves to dismiss Washburn's petition, arguing that it is untimely and that the claim it raises has not been exhausted.[1] Petitioner objects. Rather than addressing the issue of timeliness, he makes this argument:

> The petitioner moved the state courts to dismiss his plea of guilty [due] to its lack jurisdiction. The [alleged] victim stated that the [alleged] crime happened in her home, which at the [alleged] year would have been in Massachusetts.
>
> The Warden conceded that "the victim was never asked what she meant by (at home)."

---

[1] 28 U.S.C. § 2254(b)(2)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless is appears that . . . the applicant has exhausted the remedies available in the courts of the State."

4

> [Neither t]he state, nor the Warden, has provided any evidentiary support that the alleged victim lived in Belknap County New Hampshire as alleged. No investigative records are provided to reflect that the New Hampshire courts actually possess jurisdictional authority to prosecute this alleged offense within its borders. This material issue remains in dispute.

Pet'r's Obj. (doc. no. 12) ¶¶ 2-4 (citation to the record omitted). Washburn's petition should be dismissed as untimely.

28 U.S.C. § 2244(d)(1) imposes a one-year deadline on habeas corpus petitions filed pursuant to § 2254. Washburn filed his petition more than eight years after that deadline had expired. Thus, on its face, Washburn's petition is untimely.

However, "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (citing Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004)). But, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005)); see also Holmes v. Spencer, 822 F.3d 609, 611 (1st Cir. 2016) ("equitable tolling requires a habeas petitioner to demonstrate as necessary conditions for relief that (1) he has

been pursuing his rights diligently, and (2) some extraordinary circumstance prevented timely filing").[2]

As the court has noted, petitioner does not address the statute of limitations issue in his objection to respondent's motion to dismiss. However, to the extent that he raised arguments germane to that issue in the statement he submitted in response to the show-cause order, the court will consider those arguments as if they had been raised in petitioner's objection. Even so, on the record before the court, equitable tolling is unavailable.

Petitioner was convicted in December of 2006. He first began to challenge the legality of his conviction in the state courts in November of 2015. That does not demonstrate diligence.

Moreover, there is nothing in the record that even hints at any extraordinary circumstance that prevented Washburn from filing a timely petition. His claim is that the state superior court lacked jurisdiction to try him for the offense charged in 06-S-204. Petitioner has not produced the indictment in 06-S-

---

[2] Respondent cites Trapp v. Spencer, 479 F.3d 53 (1st Cir. 2007), for the factors that courts should consider when deciding whether a habeas petitioner is entitled to equitable tolling, but on at least one issue, "Trapp has been overtaken by Holland." Holmes, 822 F.3d at 611 n.1.

204, but if he had been charged with a crime committed in Massachusetts, that surely would have been evident on the face of the indictment, and petitioner has not shown that any extraordinary circumstance prevented him from filing a habeas petition based upon a faulty indictment within the limitation period.  Similarly, if he admitted to facts during his plea colloquy establishing that he committed a crime that occurred in Massachusetts rather than New Hampshire, he has not shown that any extraordinary circumstance prevented him from filing a timely habeas petition challenging the jurisdiction of the superior court.  In addition, at least some of the evidence he cited in his state-court motions, such as seeing T.W.'s parents driving a car with Massachusetts license plates in 2005, was available to him before he entered his guilty plea in late 2006, which further undercuts any argument that he was unable to file a petition within the limitation period.

　　　Finally, even if some extraordinary circumstance had prevented Washburn from learning that T.W. lived in Massachusetts during the year of the charged assault, the location of her residence is not material.  Washburn was convicted of an assault that took place in Belknap County; he was not convicted of assaulting a victim who lived in Belknap

7

County. Beyond that, the victim's place of residence is not an element of aggravated felonious sexual assault, see RSA 632-A:2, and the mere fact that the victim resided in Massachusetts is in no way inconsistent with a charge that petitioner assaulted her while she was in Belknap County. In short, while the supposed new evidence on which petitioner bases his claim might, conceivably, have been useful for cross-examining T.W., there is nothing in that evidence that would undermine the superior court's jurisdiction over the charge on which petitioner was convicted.

In sum, Washburn's petition is untimely, and he has failed to establish either of the two necessary conditions for equitable tolling. Accordingly, his petition should be dismissed.

### **Certificate of Appealability**

The Rules Governing Section 2254 Proceedings ("2254 Rules") require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the party." 2254 Rule 11(a). The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Given the recommended disposition of Washburn's petition, he has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is unwarranted in this case.

## Conclusion

For the reasons detailed above, respondent's motion to dismiss, doc. no. 10, should be granted; the district judge should direct the clerk of the court to enter judgment in respondent's favor; and the judge should decline to issue a certificate of appealability.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Muni. of Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).

_____
Andrea K. Johnstone
United States Magistrate Judge

January 17, 2017

cc: Phillip Washburn, pro se
    Elizabeth C. Woodcock, Esq.